An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-694

Filed 18 March 2026

Guilford County, Nos. 97CR060134-400, 97CR060135-400

STATE OF NORTH CAROLINA

v.

STEVEN ANTWONE WATSON

Appeal by defendant from judgment entered 11 March 2025, by Judge Tonia A. Cutchin in Guilford County Superior Court. Heard in the Court of Appeals 24 February 2026.

> *Attorney General Jeff Jackson by Assistant Attorney General Caden William Hayes, for the State.*

> *Appellate Defender Glenn Gerding by Assistant Appellate Defender John F. Carella, for the defendant-appellant.*

TYSON, Judge.

Steven Atwone Watson ("Defendant") appeals from order entered following a hearing pursuant to N.C. Gen. Stat. § 15A-1340.19A, *et seq.* (2025) and *Miller v. Alabama*, 567 U.S. 460, 183 L. Ed. 2d 407 (2012), which held the imposition of Defendant's two consecutive life sentences without the possibility of parole on a juvenile should not be modified to life with the possibility of parole. The State

concedes error, and we vacate and remand for resentencing.

## I. Background

Defendant was convicted of two counts of first-degree murders based upon premeditation and deliberation and under the felony murder rule by a jury on 16 April 1999. Defendant was seventeen years old at the time of the crimes. Defendant was sentenced to two terms of life imprisonment without the possibility of parole. Defendant appealed to this Court as of right. A prior panel of this Court found no error by unpublished opinion. *See State v. Watson*, 144 N.C. App. 451, 548 S.E.2d 582 (2001) (unpublished). The trial court amended the judgment to have both life sentences to run consecutively.

The trial court held a resentencing hearing pursuant to N.C. Gen. Stat. § 15A-1340.19A, *et seq.* (2025) and *Miller v. Alabama*, 567 U.S. 460, 183 L. Ed. 2d 407 (2012) and held the imposition of two consecutive life sentences without the possibility of parole for Defendant did not violate the Eight Amendment's prohibition of cruel and unusual punishment. Defendant appeals.

## II. Jurisdiction

Jurisdiction lies in this court pursuant to N.C. Gen. Stat § 7A-27(b) (2025).

## III. Issues

Defendant argues the trial court erred by: (1) failing to issue a written order, which includes adequate findings regarding the presence or absence of mitigating factors, in compliance with the mandates of N.C. Gen. Stat. § 15A-1340.19C (2025);

and, (2) violating Defendant's Eighth Amendment rights by imposing the most severe punishment. Additionally, Defendant argues his Sixth Amendment rights were violated by the ineffective assistance of counsel ("IAC").

## IV. Analysis

Defendant argues and the State concedes the superior court's written *Miller* resentencing order did not contain the findings as required by N.C. Gen. Stat. § 15A-1340.19C(a) (2025), which requires a sentencing court to "include findings on the absence or presence of any mitigating factors" from the list provided in N.C. Gen. Stat. § 15A-1340.19B(c) (2025). A prior panel of this Court has held this language "is a mandate to trial judges, and . . . failure to comply with the statutory mandate is [a] reversible error." *State v. Antone*, 240 N.C. App. 408, 410, 770 S.E.2d 128, 130 (2015) (citation omitted).

In light of this decision, we need not reach Defendant's remaining Eighth Amendment and IAC arguments.

## V. Conclusion

Under the express terms of N.C. Gen. Stat. § 15A-1340.19C (2025) and *Antone,* the superior court's written order was inadequate. The order of the trial court appealed from is vacated, and the cause is remanded for a new resentencing hearing consistent with *Miller* and N.C. Gen. Stat. § 15A-1340.19C (2025). *It is so ordered.*

VACATED AND REMANDED.

Judges GRIFFIN and FLOOD concur.

Report per Rule 30(e).